IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSICA RENEE LINCOLN                                                                    PLAINTIFF

v.                                      Civil No. 4:22-cv-04109

SHERIFF ROBERT GENTRY;
JAIL ADMINISTRATOR CHRIS WALCOTT;
TERRY DOE; RAMONA DOE;
WHITNEY HIGGINS; TAMMY DOE;
THE STATE OF ARKANSAS; and LUCY DOE                                          DEFENDANTS

**ORDER**

Plaintiff Jessica Renee Lincoln originally filed this 42 U.S.C. § 1983 action *pro se* on November 4, 2022.  (ECF No. 1).  The Court provisionally filed the Complaint and directed Plaintiff to submit an amended complaint and application to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  Plaintiff submitted both the Amended Complaint and IFP Application on December 1, 2022.  (ECF Nos. 4, 5).  The Court granted Plaintiff IFP status on December 2, 2022.  Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Upon review of Plaintiff's Amended Complaint, it was determined an additional amended complaint was needed to understand Plaintiff's claims.  (ECF No. 8).  Plaintiff was directed to submit this second amended complaint by December 23, 2022.  *Id.*  Plaintiff failed to do so.

On February 24, 2023, the Court entered an Order to Show Cause, instructing Plaintiff to explain why she failed to respond with a second amended complaint.  (ECF No. 9).  Plaintiff's deadline to respond to the Order to Show Cause was March 17, 2023.  *Id.*  The Order was not returned as undeliverable, and Plaintiff did not respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge